NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URBIN ANIBAR FUENTES RAMIREZ, AKA Carmen Antonio Martinez-Lopez, | No. 20-72012 |
| Petitioner, | Agency No. A208-310-982 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Urbin Anibar Fuentes Ramirez, a citizen of Guatemala, seeks

review of a Board of Immigration Appeals' ("BIA") decision dismissing his appeal

from an immigration judge's ("IJ") order denying his motion for reconsideration

and to terminate proceedings for lack of jurisdiction (the "Motion"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA adopts and affirms the IJ's decision and supplements the IJ's reasoning with its own analysis, we review both decisions. *See Chmukh v. Garland*, 124 F.4th 670, 674 (9th Cir. 2024). A motion to reconsider addresses whether an IJ made errors of law or fact. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.23(b)(2); *accord Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir. 2003). We review "rulings on motions to . . . reconsider for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

1. The BIA did not abuse its discretion when it determined that the Motion "did not persuasively argue any material error of fact or law in the [IJ's] adverse credibility finding."[1] Specifically, in his Motion, Petitioner asserted in a conclusory manner that he did not "agree that the alleged inconsistencies regarding the number of incidents that took place in Guatemala and the details provided at the time of the credible fear interview, compared to the testimony presented at the hearing, support a finding of adverse credibility." Although Petitioner

---

[1] In the Motion, Petitioner also contended that the IJ lacked jurisdiction, pursuant to *Pereira v. Sessions*, 585 U.S. 198 (2018), because the Notice to Appear failed to specify the time or date of removal proceedings. Although Petitioner challenged the IJ's jurisdiction in his appeal to the BIA, he abandoned this claim in his opening brief here. As such, Petitioner has forfeited this claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (noncitizen's failure to raise an issue in arguments section of opening brief deemed a waiver of issue).

2

acknowledged that both testimonies were "different about some of the details," he argued that they were "substantially consistent."  Petitioner further highlighted that his recollection at his credible fear interview "was better" than his recollection at his merits hearing.  As such, the Motion neither presented an error of fact or law nor cited pertinent authority.  *See* 8 U.S.C. § 1229a(c)(6)(C) ("The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."); *Iturribarria*, 321 F.3d at 895 ("The only supporting materials required for a motion to reconsider are a statement of the party's arguments regarding the BIA's alleged errors and 'pertinent authority.'") (quoting 8 C.F.R. § 3.2(b)(1)).

2.      The BIA did not err when it declined to consider Petitioner's newly raised arguments on appeal.  *See Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) ("The Board is thus an appellate body whose function is to review, not to create, a record, and it would be inappropriate to force it to consider new issues on appeal by judicial fiat.") (citation modified).

**PETITION DENIED.**[2]

---

[2]     Petitioners' Motion to Stay Removal, Dkt. No. 1, is DENIED effective upon the issuance of the mandate.